1   BARTLETT, LEADER-PICONE & YOUNG, LLP
    MALCOLM LEADER-PICONE (State Bar No. 104620)
2   2201 BROADWAY, SUITE 803
    OAKLAND, CA 94612
3   TELEPHONE:   510-444-2404
    FACSIMILE:   510-444-1291
4   EMAIL:       MLP@LEADER-PICONE.COM

5   MONTGOMERY, MCCRACKEN, WALKER & RHOADS, L.L.P.
    JEANNE L. BAKKER, ESQ.
6   AVENUE OF THE ARTS
    123 S. BROAD STREET
7   PHILADELPHIA, PA 19109
    TELEPHONE:   215-772-7521
8   FACSIMILE:   215-772-7620
    EMAIL:       JBAKKER@MMWR.COM

9   Local and Pro Hac Vice Attorneys for Defendants
    CELANESE AMERICAS RETIREMENT
10  PLANS SERVICE CENTER; et al.

11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                      OAKLAND DIVISION

15
    ROBERT SQUIRES, SR.              )   No.  C07-03325 WHA
16                                   )
            Plaintiff,               )
17                                   )   NOTICE OF MOTION and MOTION
    vs.                              )   TO DISMISS PURSUANT TO F.R.C.P.
18                                   )   Rule 12(b)(6).
    CELANESE AMERICAS RETIREMENT     )
19  PLANS SERVICE CENTER, CELANESE   )   Date:   August 16, 2007
    AMERICAS CORPORATION, and        )   Time:   8:00 a.m.
20  CELANESE AMERICAS CORPORATION    )   Ctrm.:  9, 19th Floor
    RETIREMENT PENSION PLAN,         )
21                                   )
            Defendants.              )   Hon. William H. Alsup
22                                   )   U.S. District Court Judge
    _____ )
23
              TO PLAINTIFF, ROBERT SQUIRES, SR.:
24
              PLEASE TAKE NOTICE that on August 16, 2007 at 8:00 a.m., or as soon thereafter as
25
    counsel may be heard in Courtroom 9 on the 19th Floor of the Federal Building, located at 450 Golden
26
    Gate Avenue, San Francisco, CA 94102, Defendants, Celanese Americas Retirement Plans Service
27

S:\CLIENT\...\MOTION TO DISMISS 070207 MLP.DOC7/2/07

1  Center ("Service Center"), Celanese Americas Corporation ("Celanese"), and the Celanese Americas

2  Corporation Retirement Pension Plan ("Plan") (collectively "Defendants"), will move the Court to

3  dismiss the pending action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the

4  grounds that Plaintiff has failed to exhaust his administrative remedies under the ERISA plan at issue.

5  DATED:  July 2, 2007.                        BARTLETT, LEADER-PICONE & YOUNG, LLP

6

7                                               BY: _____
                                                MALCOLM LEADER-PICONE *(No. 104620)*
8                                               Attorneys for Defendants
                                                CELANESE AMERICAS RETIREMENT PLANS
9                                               SERVICE CENTER, CELANESE AMERICAS
                                                CORPORATION, and CELANESE AMERICAS
10                                              CORPORATION RETIREMENT PENSION PLAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants, Celanese Americas Retirement Plans Service Center ("Service Center"), Celanese Americas Corporation ("Celanese"), and Celanese Americas Corporation Retirement Pension Plan ("Plan") (collectively "Defendants") submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

## I.    PRELIMINARY STATEMENT.

Celanese Americas Corporation ("Celanese"), headquartered in Dallas, Texas, provides pension benefits to certain of its employees and former employees, including Plaintiff, through the Celanese Americas Corporation Retirement Pension Plan ("Plan"). The Celanese Americas Retirement Plans Service Center ("Service Center") is the claims administrator for the Plan. The Plan is an "employee pension benefit plan" governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Plaintiff claims that the Plan used the wrong early retirement reduction rate when it calculated Plaintiff's early retirement pension benefit. As a result, Plaintiff claims that he has been denied his proper pension benefit under the terms of the Plan.

As such, this is a claim for benefits under ERISA, 29 U.S.C. § 1001 *et seq.* Defendants move the Court to dismiss Plaintiff's Claim because, as set forth below, Plaintiff has failed to (1) exhaust administrative remedies available under the Plan, (2) meet the pleading requirement of Fed. R. Civ. P. 8(a)(1), which requires a "short and plain statement of the grounds upon which the court's jurisdiction depends," and (3) meet the pleading requirement of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, Defendants request that the Court dismiss Plaintiff's Claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter, and Fed. R. Civ. 12(b)(6) for failure to state a claim upon which relief may be granted.

---

[1] A copy of the Plaintiff's Claim is attached hereto as Exhibit 1.

## II.    PROCEDURAL AND FACTUAL BACKGROUND.

### A.    Procedural Background.

On or about May 22, 2007, Plaintiff commenced this action against Defendants in the Superior Court of California, County of Alameda, Small Claims Court, captioned *Robert Squires, Sr. v. Celanese America's Retirement Plans Service Center DBA Celanese America Corporation DBA Celanese America Retirement Pension Plan*, Civil Action No. VS07325247.  The Claim was served on Defendants on or about May 24, 2007.  Defendants removed the action to this Court on June 22, 2007 because it arises under federal law, namely ERISA, 29 U.S.C. § 1001 *et seq*.

### B.    Facts Alleged In Plaintiff's Claim.

The sole allegation in Plaintiff's Claim in Small Claims Court states: "Sewing for performance utilized rater than factor 0.8800 per Hoechst 20May1994 letter." (*See* Ex. 1, Claim, p. 2, no. 3.)  While this sole allegation is far from clear, upon information and belief, Defendants understand that Plaintiff is complaining about the early retirement reduction rate that the Plan used to calculate his early retirement pension benefit.

### C.    Administrative Remedies Under The Plan.

The Plan provides for the following administrative procedure under which a participant may obtain review of a denied claim by an appropriate Plan fiduciary.[2]  (Ex. 2, Plan Document, Sec. 8.4.)

8.4    Disputes

(a)    In the event that the Plan Administrator denies, in whole or in part, a claim for benefits by a Participant or his beneficiary, the Plan Administrator shall furnish notice of the denial to the claimant, setting forth:

    (1)    the specific reasons for the denial

    (2)    specific reference to the pertinent Plan provisions on which the denial is based,

    (3)    a description of any additional information necessary for the claimant to perfect the claim and an explanation of why such information is necessary, and

    (4)    appropriate information as to the steps to be taken if the claimant

---

[2] A copy of the relevant pages of the Plan document is attached hereto as Exhibit 2.

wishes to submit his claim for review.

(b)    The notice described in Subsection (a) shall be forwarded to the claimant within 90 days of the Plan Administrator's receipt of the claim; provided, however, that in special circumstances the Plan Administrator may extend the response period for up to an additional 90 days, in which event it shall notify the claimant in writing of the extension, and shall specify the reason(s) for the extension.

(c)    Within 60 days of receipt of a notice of claim denial, a claimant or his duly authorized representative may petition the Plan Administrator in writing for a full and fair review of the denial. The claimant or his duly authorized representative shall have the opportunity to review pertinent documents and to submit issues and comments in writing to the Plan Administrator. The Plan Administrator shall review the denial and shall communicate its decision and the reasons therefore to the claimant in writing within 60 days of receipt of the petition; provided, however, that in special circumstances the Plan Administrator may extend the response period for up to an additional 60 days, in which event it shall notify the claimant in writing prior to the commencement of the extension.

(d)    If for any reason the written notice of denial described in Subsection (a) is not furnished within 90 days of the Plan Administrator's receipt of a claim for benefits, the claim shall be deemed to be denied. Likewise, if for any reason the written decision on review described in Subsection (c) is not furnished within the time prescribed, the claim shall be deemed to be denied on review.

The Claim is devoid of any allegations stating that Plaintiff availed himself of the Plan's administrative remedies. In fact, Plaintiff has not exhausted the administrative remedies available under the Plan.

## III.    ARGUMENT.

### A.    Standard of Review.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all facts alleged in the complaint and any reasonable inferences that can be drawn therefrom. *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989); *see also Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). A court should dismiss a complaint if no relief could be granted under any set of facts that could be proven. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (internal quotation marks omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**B.    Plaintiff Has Failed To Exhaust His Administrative Remedies Available Under The Plan.**

The Plaintiff's Claim asserts a dispute regarding the early retirement reduction rate that the Plan used to calculate Plaintiff's early retirement pension benefit under the Plan.  Until Plaintiff exhausts the administrative remedies available to him under the Plan, this court lacks jurisdiction over the subject matter.  The Ninth Circuit has firmly established that a plaintiff who brings an ERISA claim for benefits under an ERISA plan must first exhaust the administrative dispute-resolution mechanisms in the plan before filing in federal court.  *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 724 (9th Cir. 2000); *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980).  The *Amato* court enumerated the several purposes served by the exhaustion requirement as follows:

> [T]o help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned….Moreover, the trustees of covered benefits plans are granted broad fiduciary rights and responsibilities under ERISA, and implementation of the exhaustion requirement will enhance their ability to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes….Finally, a primary reason for the exhaustion requirement…is that prior fully considered actions by pension plan trustees interpreting their plans and perhaps also further refining and defining the problem in given cases, may well assist the courts when they are called upon to resolve the controversies.

*Amato*, 618 F.2d at 567-68.  *Accord Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) ("plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court."); *Variety Children's Hospital, Inc. v. Century Medical Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995) (affirmed district court's dismissal subject to exhaustion of administrative remedies where plaintiff neither pleaded nor recited facts showing that it had exhausted administrative remedies under the plan).

Plaintiff's Claim does not include any allegations asserting that he exhausted his administrative remedies available under the Plan.  As such, even assuming that the sole allegation in the Claim is true, the Claim does not establish this court's jurisdiction over the subject matter.  Accordingly, Plaintiff's Claim should be dismissed under Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6).

## C.    Plaintiff Has Failed To State A Claim For Relief.

Although the liberalized rules of pleading under the Federal Rules of Civil Procedure require only "a short and plain statement of the grounds upon which the court's jurisdiction depends," Fed. R. Civ. P. 8(a)(1), and a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), even the most liberal reading of the sole allegation in Plaintiff's Claim does not satisfy this basic pleading requirement.  Rather, a claimant's "short and plain statement" must "give 'the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Moreover, "a pleading must 'give[ ] fair notice and state[ ] the elements of the claim plainly and succinctly." *Jones v. Cmty. Redevelopment Agency of the City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984) (alteration in original) (citations omitted).

Here, Plaintiff's sole allegation is as follows: "Sewing for performance utilized rater than factor 0.8800 per Hoechst 20May1994 letter."  This incomplete sentence fails to establish the court's jurisdiction and also fails to give Defendants notice of the nature of Plaintiff's claim or the grounds upon which it rests.  Moreover, it fails to set forth a statement of the claim that affirmatively shows that Plaintiff is entitled to relief.  As such, Plaintiff's claim falls far short of the pleading requirement of Fed. R. Civ. P. 8(a)(2).

Accordingly, Plaintiff's Claim should be dismissed under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim for relief.

## IV.    CONCLUSION.

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss and dismiss Plaintiff's Claim.

Respectfully submitted,

DATED:  July 2, 2007.                    BARTLETT, LEADER-PICONE & YOUNG, LLP

                                         BY: _____
                                         MALCOLM LEADER-PICONE *(No. 104620)*
                                         Attorneys for Defendants

BARTLETT, LEADER-PICONE & YOUNG, LLP
MALCOLM LEADER-PICONE (State Bar No. 104620)
2201 BROADWAY, SUITE 803
OAKLAND, CA 94612
TELEPHONE:   510-444-2404
FACSIMILE:   510-444-1291
EMAIL:       MLP@LEADER-PICONE.COM

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, L.L.P.
JEANNE L. BAKKER, ESQ.
AVENUE OF THE ARTS
123 S. BROAD STREET
PHILADELPHIA, PA 19109
TELEPHONE:   215-772-7521
FACSIMILE:   215-772-7620
EMAIL:       JBAKKER@MMWR.COM

Local and *Pro Hac Vice* Attorneys for Defendants
CELANESE AMERICAS RETIREMENT
PLANS SERVICE CENTER; et al.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ROBERT SQUIRES, SR.<br><br>Plaintiff,<br><br>vs.<br><br>CELANESE AMERICAS RETIREMENT PLANS SERVICE CENTER, CELANESE AMERICAS CORPORATION, and CELANESE AMERICAS CORPORATION RETIREMENT PENSION PLAN,<br><br>Defendants. | No.  C07-03325 WHA<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS PURSUANT TO F.R.C.P. Rule 12(b)(6).**<br><br>Date:   August 16, 2007<br>Time:   8:00 a.m.<br>Ctrm.: 9, 19th Floor<br><br>Hon. William H. Alsup<br>U.S. District Court Judge |

## <u>ORDER</u>

On August 16, 2007 in Courtroom 9 on the 19th Floor of the Federal Building, located at

450 Golden Gate Avenue, San Francisco, CA 94102, Defendants, Celanese Americas Retirement Plans

Service Center ("Service Center"), Celanese Americas Corporation ("Celanese"), and the Celanese

1    Americas Corporation Retirement Pension Plan ("Plan") (collectively "Defendants"), moved the Court to

2    dismiss the pending action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the

3    grounds that Plaintiff had failed to exhaust his administrative remedies under the ERISA plan at issue.

4          Based upon the papers filed in support and in opposition to the motion, and the arguments

5    of the parties, and for good cause appearing, the Court finds that Plaintiff has failed to exhaust his

6    administrative remedies under the ERISA plan that is at issue. Accordingly, Plaintiff's claim is hereby

7    dismissed.

8          **SO ORDERED.**

9    DATED:  July 2, 2007.

10

11                                        _____
                                          HON. WILLIAM H. ALSUP
12                                        U.S. District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**PROOF OF SERVICE BY MAIL**

I, Malcolm Leader-Picone, declare that:

I am employed in the County of Alameda, California.  I am over the age of eighteen years and not a party to the within action. My business address is 2201 Broadway, Suite 803, Oakland, CA 94612. On July 2, 2007, I served the following document(s) entitled:

**NOTICE OF MOTION TO DISMISS.**

upon the following person(s) in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Oakland, California addressed as follows:

Robert Squires, Sr.
3111 Paseo Granada
Pleasanton, CA  94566

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Oakland, California, on July 2, 2007.

Malcolm Leader-Picone

*4012*

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
05/24/2007
Log Number 512254282

**TO:**     Jeanne Walker
           Celanese Corporation
           1601 West LBJ Frwy
           Dallas, TX, 75234-

**RE:**     **Process Served in California**

**FOR:**    Celanese Americas Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert Squires Sr., Pltf. vs. Celanese America's Retirement Plans Service Center, dba Celanese America Corporation, etc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Claim and Order |
| **COURT/AGENCY:** | Alameda County, Pleasanton, Superior Court, CA Case # VS07325247 |
| **NATURE OF ACTION:** | Performance utilized rather than factor 8.8800 per Hoechst 20May1994 letter - Seeking the amount of $6,113.75 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/24/2007 postmarked on 05/22/2007 |
| **APPEARANCE OR ANSWER DUE:** | 06/27/2007 at 9:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Robert Squires Sr. 3111 Paseo Granada Pleasanton, CA, 94566 925-846-6760 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790747470296 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dianne Christman |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA, 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

Exhibit __A__

 **Plaintiff's Claim and ORDER to Go to Small Claims Court**

Clerk stamps date here when form is filed.

## Notice to the person being sued:

- You are the Defendant if your name is listed in ② on page 2 of this form. The person suing you is the Plaintiff, listed in ① on page 2.

- You and the Plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case.

- If you lose, the court can order that your wages, money, or property be taken to pay this claim.

- Bring witnesses, receipts, and any evidence you need to prove your case.

- Read this form and all pages attached to understand the claim against you and to protect your rights.

## Aviso al Demandado:

- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario. La persona que lo demanda es el Demandante, la que figura en ① de la página 2

- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso.

- Si pierde el caso la corte podría ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo.

- Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.

- Lea este formulario y todas las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos.

*Fill in court name and street address:*

Superior Court of California, County of Alameda
Gale / Schenone Hall of Justice
5672 Stoneridge Drive
Pleasanton, CA  94588

*Clerk fills in case number and case name:*

**Case Number:**
VS07325247

**Case Name:**
Squires VS Celanese America's Retirement Plans Service Cente

## Order to Go to Court

The people in ① and ② must go to court on: *(Clerk fills out section below)*

| Trial Date | | Date | Time | Department | Name and address of court if different from above |
|---|---|---|---|---|---|
| | 1. | 06/27/2007 | 09:00 AM | 702 | 5672 Stoneridge Drive, Pleasanton |
| | 2. | | | | |
| | 3. | | | | |

Date:  **05/22/2007**              Clerk by, *Cathy Templeman* digital              , Deputy

## Instructions for the person suing:

- You are the Plaintiff. The person you are suing is the Defendant.

- *Before* you fill out this form, read Form SC-150, *Information for the Plaintiff (Small Claims)*, to know your rights. Get SC-150 at any courthouse or county law library, or go to: *www.courtinfo.ca.gov/forms*

- Fill out pages 2 and 3 of this form. Then make copies of **all** pages of this form. (Make 1 copy for each party named in this case and an extra copy for yourself.) Take or mail the original and these copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above.

- You must have someone at least 18—not you or anyone else listed in this case—give each Defendant a court-stamped copy of all pages of this form and any pages this form tells you to attach. There are special rules for "serving," or delivering, this form to public entities, associations, and some businesses. See Forms SC-104, SC-104B, and SC-104C.

- **Go to court on your trial date listed above. Bring witnesses, receipts, and any evidence you need to prove your case.**

Judicial Council of California, www.courtinfo.ca.gov
Rev. January 1, 2007, Mandatory Form
Code of Civil Procedure, §§ 116.110 et seq.,
116.220(c), 116.340(g)

**Plaintiff's Claim and ORDER to Go to Small Claims Court (Small Claims)**

SC-100, Page 1 of 6

➔

| Plaintiff *(list names)*:  Robert Squires Sr. | Case Number:<br>VS07325247 |
|---|---|

① **The Plaintiff (the person, business, or public entity that is suing) is:**

Name:  Robert Squires Sr.                                             Phone: (925) 846-6760

Street address:  3111 Paseo Granada                    Pleasanton        CA          94566

<em>Street</em>             <em>City</em>     <em>State</em>    <em>Zip</em>

Mailing address *(if different):*

<em>Street</em>             <em>City</em>     <em>State</em>    <em>Zip</em>

**If more than one Plaintiff, list next Plaintiff here:**

Name:                                                                              Phone:

Street address:

<em>Street</em>             <em>City</em>     <em>State</em>    <em>Zip</em>

Mailing address *(if different):*

<em>Street</em>             <em>City</em>     <em>State</em>    <em>Zip</em>

☐ *Check here if more than 2 Plaintiffs and attach Form SC-100A.*

☐ *Check here if either Plaintiff listed above is doing business under a fictitious name.  If so, attach Form SC-103.*

② **The Defendant (the person, business, or public entity that is being sued) is:**

Name:  Celanese America's Retirement Plans Service Center DBA Celanese America     Phone: (800) 331-2361
           Corporation DBA Celanese America Retirement Pension Plan

Street address:  P.O. Box 7840                              Ocala             FL          34478-7840

<em>Street</em>             <em>City</em>     <em>State</em>    <em>Zip</em>

Mailing address *(if different):*  C/O Agent of serivce C.T.        Los Angeles    CA          90017
                                                    Corporation Systems 818 West
                                                    Seventh St.

<em>Street</em>             <em>City</em>     <em>State</em>    <em>Zip</em>

**If more than one Defendant, list next Defendant here:**

Name:                                                                              Phone:

Street address:

<em>Street</em>             <em>City</em>     <em>State</em>    <em>Zip</em>

Mailing address *(if different):*

<em>Street</em>             <em>City</em>     <em>State</em>    <em>Zip</em>

☐ *Check here if more than 2 Defendants and attach Form SC-100A.*

☐ *Check here if any Defendant is on active military duty, and write his or her name here:*

③ **The Plaintiff claims the Defendant owes $ 6,113.75.** *(Explain below):*

a. Why does the Defendant owe the Plaintiff money?  **Sewing for performance utilized rater than factor 0.8800 per Hoechst 20May1994 letter.**

b. When did this happen? *(Date):* **1 March 2007**

If no specific date, give the time period: *Date started:* _____  *Through:* _____

c. How did you calculate the money owed to you? *(Do not include court costs or fees for service.)* **Basic of calculations was obtained within retirement package.**

☐ *Check here if you need more space. Attach one sheet of paper or Form MC-031 and write "SC-100, Item 3" at the top.*

Plaintiff (list names): Robert Squires Sr.

| Case Number: |
|---|
| VS07325247 |

④ **You must ask the Defendant (in person, in writing, or by phone) to pay you before you sue.**
**Have you done this?** [X] Yes  [ ] No
*If no explain why not:*

⑤ **Why are you filing your claim at this courthouse?**
**This courthouse covers the area** *(check the one that applies):*
a. [X] (1) Where the Defendant lives or does business.     (4) Where a contract (written or spoken) was made,
     (2) Where the Plaintiff's property was damaged.        signed, performed, or broken by the Defendant *or*
     (3) Where the Plaintiff was injured.              where the Defendant lived or did business when
                                     the Defendant made the contract.
b. [ ] Where the buyer or lessee signed the contract, lives now, or lived when the contract was made, if this claim
    is about an offer or contract for personal, family, or household goods, services, or loans. *(Code Civ. Proc.,*
    *§ 395(b))*
c. [ ] Where the buyer signed the contract, lives now, or lived when the contract was made, if this claim is about
    a retail installment contract (like a credit card). *(Civil Code, § 1812.10)*
d. [ ] Where the buyer signed the contract, lives now, or lived when the contract was made, or where the vehicle
    is permanently garaged, if this claim is about a vehicle finance sale. *(Civil Code, § 2984.4)*
e. [ ] Other *(specify):*

⑥ List the zip code of the place checked in ⑤ above *(if you know):*  94566

⑦ **Is your claim about an attorney-client fee dispute?** [ ] Yes  [X] No
*If yes, and if you have had arbitration, fill out Form SC-101, attach it to this form and check here:* [ ]

⑧ **Are you suing a public entity?** [ ] Yes  [X] No
*If yes, you must file a written claim with the entity first.* [ ] *A claim was filed on (date):*
*If the public entity denies your claim or does not answer within the time allowed by law, you can file this form.*

⑨ **Have you filed more than 12 other small claims within the last 12 months in California?**
[ ] Yes  [X] No  *If yes, the filing fee for this case will be higher.*

⑩ **I understand that by filing a claim in small claims court, I have no right to appeal this claim.**

⑪ I have not filed, and understand that I cannot file, more than two small claims cases for more than $2,500 in
California during this calendar year.

I declare, under penalty of perjury under California State law, that the information above and on any attachments to
this form is true and correct.

Date:  05/22/2007      **Robert Squires Sr.**     ▶ Signature on File
                   *Plaintiff types or prints name here*      *Plaintiff signs here*

Date:  _____                     ▶
                   *Second Plaintiff types or prints name here*    *Second Plaintiff signs here*

**Requests for Accommodations**
Assistive listening systems, computer-assisted, real-time captioning, or sign language interpreter
services are available if you ask at least 5 days before the trial. Contact the clerk's office for Form
MC-410 *Request for Accommodations by Persons With Disabilities and Order. (Civil Code, § 54.8)*

Revised January 1, 2007       **Plaintiff's Claim and ORDER**       SC-100, Page 3 of 6
                       **to Go to Small Claims Court**        →
                           **(Small Claims)**

## SC-100  Information for the Defendant (the person being sued)

**"Small claims court"** is a special court where claims for $5,000 or less are decided. A "natural person" (not a business or public entity) may claim up to $7,500. The process is quick and cheap. The rules are simple and informal.

You are the Defendant—the person being sued. The person who is suing you is the Plaintiff.

### Do I need a lawyer?
You may talk to a lawyer before or after the case. But you *may not* have a lawyer represent you in court (unless this is an appeal from a small claims case).

### How do I get ready for court?
You don't have to file any papers before your trial, unless you think this is the wrong court for your case. But bring to your trial any witnesses, receipts, and any evidence that supports your case. And read "Get Ready for Court" at: *www.courtinfo.ca.gov/selfhelp/smallclaims/getready.htm*

### What if I need an accommodation?
If you have a disability or are hearing impaired, fill out Form MC-410, *Request for Accommodations*. Give the form to your court clerk or the ADA/Access Coordinator.

### What if I don't speak English well?
Ask the clerk if the court can give you an interpreter for free. If not, bring someone—like an adult relative or friend—who can interpret for you in court. It is best if your interpreter is not a witness or listed in this case. Or ask the clerk for a list of interpreters. (Interpreters usually charge a fee.)

### Where can I get the court forms I need?
Go to any courthouse or your county law library, or print forms at: *www.courtinfo.ca.gov/forms*

### What happens at the trial?
The judge will listen to both sides. The judge may make a decision at your trial or mail the decision to you later.

### What if I lose the case?
If you lose, you can appeal. You'll have to pay a fee. (Plaintiffs cannot appeal their own claims.)
- If you were at the trial, file Form SC-140, *Notice of Appeal*. You must file within 30 days after the judge's decision.
- If you were *not* at the trial, fill out and file Form SC-135, *Notice of Motion to Vacate Judgment and Declaration*, to ask the judge to cancel the judgment (decision). If the judge does not give you a new trial, you have 10 days to appeal the decision. File Form SC-140.

For more information on appeals, see: *www.courtinfo.ca.gov/selfhelp/smallclaims/appeal.htm*

### Do I have options?
Yes. If you are being sued, you can:
- **Settle your case before the trial.** If you and the Plaintiff agree on how to settle the case, you must both notify the court. Ask the Small Claims Advisor for help.
- **Prove this is the wrong court.** Send a letter to the court *before* your trial, explaining why you think this is the wrong court. Ask the court to dismiss the claim. You must serve (give) a copy of your letter (by mail or in person) to all parties. (Your letter to the court must say you have done this.)
- **Go to the trial and try to win your case.** Bring witnesses, receipts, and any evidence you need to prove your case. To make sure the witnesses go to the trial, fill out Form SC-107 and the clerk will subpoena (order) them to go.
- **Sue the person who sued you.** File Form SC-120, *Defendant's Claim.* There are strict filing deadlines you must follow.
- **Agree with the Plaintiff's claim and pay the money.** Or, if you can't pay the money now, go to your trial and say you want to make payments.
- **Let the case "default."** If you don't settle and do not go to the trial (default), the judge may give the Plaintiff what he or she is asking for plus court costs. If this happens, the Plaintiff can legally take your money, wages, and property to pay the judgment.

### What if I need more time?
You can change the trial date if:
- You cannot go to court on the scheduled date (you will have to pay a fee to postpone the trial), *or*
- You did not get served (receive this order to go to court) at least 15 days before the trial (or 20 days if you live outside the county), *or*
- You need more time to get an interpreter. One postponement is allowed, and you will not have to pay a fee to delay the trial.

Ask the Small Claims Clerk about the rules and fees for postponing a trial. Or fill out Form SC-110 (or write a letter) and mail it to the court and to all other people listed on your papers before the deadline. Enclose a check for your court fees, unless a fee waiver was granted.

 **Need help?**
Your county's Small Claims Advisor can help for free.

For Legal Advice, call (510) 268-7665.

For Drop-In Clinic hours, call (510) 268-7221.
Or go to "County-Specific Court Information" at: *www.courtinfo.ca.gov/selfhelp/smallclaims*

**Plaintiff's Claim and ORDER
to Go to Small Claims Court
(Small Claims)**

## SC-100  Información para el demandado (la persona demandada)

La "Corte de reclamos menores" es una corte especial donde se deciden casos por $5,000 ó menos. Una "persona natural" (que no sea un negocio ni una entidad pública) puede reclamar hasta $7,500. El proceso es rápido y barato. Las reglas son sencillas e informales.

Usted es el Demandado — la persona que se está demandando. La persona que lo está demandando es el Demandante.

### ¿Necesito un abogado?
Puede hablar con un abogado antes o después del caso. Pero no puede tener a un abogado que lo represente ante la corte (a menos que se trate de una apelación) de un caso de reclamos menores.

### ¿Cómo me preparo para ir a la corte?
No tiene que presentar ningunos papeles antes del juicio, a menos que piense que ésta es la corte equivocado para su caso. Pero lleve al juicio cualquier testigos, recibos, y cualquier pruebas que apoyan so caso. Y lea "Prepárese para la corte" en:
www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores/prepararse.htm

### ¿Qué hago si necesito una adaptación?
Si tiene una discapacidad o tiene impedimentos de audición, llene el formulario MC-410, Request for Accomodations. Entregue el formulario al secretario de la corte o al Coordinador de Acceso/ADA de su corte.

### ¿Qué pasa si no hablo bien inglés?
Pregúntele al secretario si la corte le puede dar un intérprete sin costo. Si no, lleve consigo a alguien—ya sea un pariente adulto o amigo—que pueda servirle de intérprete en la corte. O pide del secretario una lista de intérpretes. Es major que su intérprete no sea un testigo ni una persona que figure en este caso. (Los intérpretes en general cobran un honorario.)

### ¿Dónde puedo obtener los formularios de la corte que necesito?
Vaya a cualquier edificio de la corte, la biblioteca legal de su condado o imprima los formularios en:
www.courtinfo.ca.gov/forms

### ¿Qué pasa en el juicio?
El juez escuchará a ambas partes. El juez puede tomar su decisión durante la audiencia o enviársela por correo después.

### ¿Qué pasa si pierdo el caso?
Si pierde, puede apelar. Tendrá que pagar una cuota. (El Demandante no puede apelar su propio reclamo.)

- Si estuvo presente en el juicio, llene el formulario SC-140, Aviso de apelación. Tiene que presentarlo dentro de 30 días después de la decisión del juez.

- Si no estuvo en el juicio, llene y presente el formulario SC-135, Aviso de petición para anular el fallo y Declaración para pedirle al juez que anule el fallo (decisión). Si la corte no le otorga un nuevo juicio, tiene 10 días para apelar la decisión. Presente el formulario SC-140.

Para obtener más información sobre las apelaciones, vea:
www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores/apelar.htm

### ¿Tengo otras opciones?
Sí. Si lo están demandando, puede:

- **Resolver su caso antes del juicio.** Si usted y el Demandante se ponen de acuerdo en resolver el caso, ambos tienen que notificar a la corte. Pídale al Asesor de Reclamos Menores que lo ayude.

- **Probar que es la corte equivocada.** Envíe una carta a la corte antes del juicio explicando por qué cree que es la corte equivocada. Tiene que entregar (dar) una copia de su carta (por correo o en persona) a todas las partes. (Su carta a la corte tiene que decir que hizo la entrega.)

- **Ir al juicio y tratar de ganar el caso.** Lleve testigos, recibos y cualquier prueba que necesite para probar su caso. Para asegurarse que los testigos vayan al juicio, llene el formulario SC-107 y el secretario emitirá una orden de comparecencia ordenándoles que se presenten.

- **Demandar a la persona que lo demandó.** Presente el formulario SC-120, Reclamo del demandado. Hay fechas límite estrictas que debe seguir.

- **Aceptar el reclamo del Demandante y pagar el dinero.** O, si no puede pagar en ese momento, vaya al juicio y diga que quiere hacer los pagos.

- **No ir al juicio y aceptar el fallo por falta de comparecencia.** Si no llega a un acuerdo con el Demandante y no va al juicio (fallo por falta de comparecencia), el juez le puede otorgar al Demandante lo que está reclamando más los costos de la corte. En ese caso, el Demandante legalmente puede tomar su dinero, su sueldo o sus bienes para cobrar el fallo.

### ¿Qué hago si necesito más tiempo?
Puede cambiar la fecha del juicio si:

- No puede ir a la corte en la fecha programada (tendrá que pagar una cuota para aplazar el juicio), o

- No le entregaron los documentos legalmente (no recibió la orden para ir a la corte) por lo menos 15 días antes del juicio (ó 20 días si vive fuera del condado), o

- Necesita más tiempo para conseguir intérprete. (Se permite un solo aplazamiento sin tener que pagar cuota para aplazar el juicio.)

Pregúntele al secretario d reclamos menores sobre las reglas y las cuotas para aplazar un juicio. O llene el formulario SC-110 (o escriba una carta) y envíelo antes del plazo a la corte y a todas las otras personas que figuran en sus papeles de la corte. Adjunte un cheque para pagar los costos de la corte, a menos que le hayan dado una exención.

 **¿Necesita ayuda?** El Asesor de Reclamos Menores de su condado le puede ayudar sin cargo.

Para consejo legal, llamar al teléfono (510) 268-7665.

Para horas de la "Drop-in Clinic" (Clínica sin cita), llamar al teléfono (510) 268-7221.

Vea "Información por condado" en:
www.courtinfo.ca.gov/selfhelp/espanol/reclamosmenores

---

**Reclamo del demandante y ORDEN**
**para ir a la Corte de reclamos menores**
(Reclamos Menores)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Squires VS Celanese America's Retirement Plans Service Cente | VS07325247 |

ADDITIONAL ADDRESSEES

Robert Squires Sr.
3111 Paseo Granada
Pleasanton, CA    94566-____
(925) 846-6760

Celanese America's Retirement Plans
Service Center DBA Celanese America
Corporation DBA Celanese America
Retirement Pension Plan
C/O Agent of serivce C.T. Corporation
Systems
818 West Seventh St.
Los Angeles, CA    90017-____
(800) 331-2361

Revised January 1, 2007

**Plaintiff's Claim and ORDER
to Go to Small Claims Court
(Small Claims)**

SC-100, Page 6 of 6

CELANESE AMERICAS RETIREMENT PENSION PLAN

(PLAN NUMBER ~~334)~~ 004)

[Document #4 of 5 -- For Former Syntex Employees]

AMENDED AND RESTATED

EFFECTIVE NOVEMBER 1, 1999

*[This document does not apply to any BDI employee*

*originally hired on or after July 1, 1995]*

Exhibit __B__

8.3  <u>Duties and Powers of Investment Committee</u>.  The Investment Committee shall have the following duties and powers:

(a)  to name and designate a Trustee to receive the monies contributed to the Plan by the Company, and to remove the Trustee and designate a successor Trustee, as provided in the Trust Agreement;

(b)  to appoint, remove, and/or replace an Investment Manager to manage (including the power to acquire and dispose of) any assets of the Fund; and

(c)  to direct in writing, from time to time, that a portion of the assets of the Fund held by the Trustee be transferred to another trust established and maintained for the investment of assets of the Plan.

8.4  <u>Disputes</u>.

(a)  In the event that the Plan Administrator denies, in whole or in part, a claim for benefits by a Participant or his beneficiary, the Plan Administrator shall furnish notice of the denial to the claimant, setting forth:

(1)  the specific reasons for the denial,

(2)  specific reference to the pertinent Plan provisions on which the denial is based,

(3)  a description of any additional information necessary for the claimant to perfect the claim and an

-105-

explanation of why such information is necessary,

and

(4)    appropriate information as to the steps
to be taken if the claimant wishes to submit his claim for
review.

(b)    The notice described in Subsection (a) shall
be forwarded to the claimant within 90 days of the Plan Admin-
istrator's receipt of the claim; provided, however, that in
special circumstances the Plan Administrator may extend the
response period for up to an additional 90 days, in which event
it shall notify the claimant in writing of the extension, and
shall specify the reason(s) for the extension.

(c)    Within 60 days of receipt of a notice of
claim denial, a claimant or his duly authorized representative
may petition the Plan Administrator in writing for a full and
fair review of the denial.  The claimant or his duly authorized
representative shall have the opportunity to review pertinent
documents and to submit issues and comments in writing to the
Plan Administrator.  The Plan Administrator shall review the
denial and shall communicate its decision and the reasons there-
for to the claimant in writing within 60 days of receipt of the
petition; provided, however, that in special circumstances the
Plan Administrator may extend the response period for up to an
additional 60 days, in which event it shall notify the claimant

-106-

in writing prior to the commencement of the extension.

(d)   If for any reason the written notice of denial described in Subsection (a) is not furnished within 90 days of the Plan Administrator's receipt of a claim for benefits, the claim shall be deemed to be denied.  Likewise, if for any reason the written decision on review described in Subsection (c) is not furnished within the time prescribed, the claim shall be deemed to be denied on review.

8.5   Qualified Domestic Relations Orders.   The Plan Administrator shall have the duty to determine whether any domestic relations order received by the Plan is a qualified domestic relations order as defined in section 414(p) of the Code.  To the extent provided in a qualified domestic relations order, the former spouse of a Participant shall be treated as the surviving spouse for purposes of this Plan, and any other spouse of the Participant shall not have a spouse's rights under the Plan.

8.6   Indemnification.

(a)   Each Indemnitee (as defined in Subsection (e)) shall be indemnified and held harmless by the Company for all actions taken by him and for all failures to take action (regardless of the date of any such action or failure to take action), to the fullest extent permitted by the law of the jurisdiction in which the Company is incorporated, against all

-107-